FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2009 NOV 19 PM 3:07
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JIMMY MOBLEY | * | CIVIL ACTION NO 09-7386 |
| VERSUS | * | |
| DANIELLE MARINE TOWING, II, LLC | * | SECTION " " SECT. S MAG. 4 |

* * * * * * *

**SEAMAN'S COMPLAINT**
**(JURY TRIAL)**
(Filed pursuant to 28 U.S.C. 1916)

Plaintiff, JIMMY MOBLEY, a person of the full age of majority and residing in the City of Galliano, Parish of Lafourche, State of Louisiana, respectfully represents:

1.

Made a defendant herein is Danielle Marine Towing, II, L.L.C., a Louisiana corporation licensed to do and doing business within the jurisdiction of this Honorable Court and domiciled within the Parish of Lafourche, State of Louisiana.

2.

On or about the date of November 2, 2009, plaintiff was employed by Danielle Marine Towing, II, L.L.C. as a seaman under the preview of the Jones Act and a member of the crew of the LUKE GUIDRY JR., owned and managed by Danielle Marine Towing, II, L.L.C., in the capacity of Captain.

3.

On or about November 2, 2009 and while in service as a member of the crew, plaintiff injured his back when he fell while walking down some steps on a ladder onto the galley of the vessel. This deck was slippery because of a lack of non-skid materials in this high traffic area

___Fee $350.
✓ Process
X Dktd
___CtRmDep
___Doc. No.

and also because it had just been mopped and the crew neglected to put down the appropriate signage in that area.

4.

On or about November 2, 2009 and while in service as a member of the crew of the LUKE GUIDRY, JR., plaintiff was injured in the above referenced accident through the negligence and fault of defendant and/or its agents or employees. The following is a non-exclusive list of the negligence and fault attributable to defendant and/or its agents or employees:

(a) Failing to provide plaintiff with a safe place to work;

(b) Failing to produce a competent and attentive crew;

(c) Failing to have the proper equipment on the vessel;

(d) Failing to adequately supervise and monitor;

(e) Failing to have non-skid materials on the deck of the vessel at the base of the ladder and the area where the accident occurred;

(f) Failing of crew to place appropriate signage in an area that was being cleaned with water and cleaning materials; and

(g) Other negligent acts and/or omissions to be shown at the trial of this matter.

5.

The above described accident involving plaintiff and occurring on or about the date of November 2, 2009, was caused in whole or in part by the unseaworthiness of the LUKE GUIDRY, JR. in one or more of the following respects, to-wit:

(a) Not having an adequate crew;

(b) Not placing warning signs in an area of the vessel that was wet;

(c) Not utilizing non-skid materials at the base of the ladder;

(d) Other unseaworthy conditions to be shown at the trial of this matter.

6.

As a result of this above and foregoing negligence and fault of the defendant and/or its agents or employees, plaintiff suffered severe physical and mental injuries and seeks damages for the following:

(a) Past and future lost wages and benefits;

(b) Impairment of future earning capacity;

(c) Past and future physical pain and suffering;

(d) Past and future mental and emotional pain and suffering;

(e) Past and future medical expenses;

(f) Past and future awards for maintenance, cure and found, including any compensatory damages, attorney's fees and costs, and punitive damages for any arbitrary and capricious failure to pay maintenance and cure;

(g) Past and future loss of enjoyment of life; and

(h) Additional damages to be shown at the trial of this matter.

7.

Plaintiff brings all claims and causes of action under the Jones Act, 46 U.S.C. 688, and the general maritime law of the Unites States pursuant to the Savings to Suitors Clause.

8.

Nothing plaintiff did or failed to do caused or contributed to the above described accidents and the resulting injuries.

9.

Plaintiff is entitled to prejudgment interest on damages from the date of loss. As to any damages which the Court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand or, in the alternative, the date of judgment.

10.

Plaintiff is entitled to and requests a trial by jury on all issues raised in this Complaint.

WHEREFORE, plaintiff, JIMMY MOBLEY, prays for judgment herein in his favor and against the defendant, DANIELLE MARINE TOWING II, L.L.C. in the amount of TEN MILLION AND NO/100 ($10,000,000.00) DOLLARS, including interest and costs, and for all other general and equitable relief to which he may be entitled.

Respectfully Submitted,

JACOBS MANUEL KAIN & AAMODT
(A Group of Law Corporations)

STANLEY J. JACOBS #7211
JODI J. AAMODT #21639
jmk_jodi@bellsouth.net
500 St. Louis Street, Ste. 200
New Orleans, LA 70130
Telephone (504) 523-1444
Telefax (504) 524-1655

And

COSSICH, SUMICH, PARSIOLA & TAYLOR, LLC
PHILIP F. COSSICH, JR., #1788 (T.A.)
pcossich@cossichlaw.com
DARREN D. SUMICH, #23321
dsumich@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone (504) 394-9000
Telefax (504) 394-9110