UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JIMMY MOBLEY | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-7386 |
| DANIELLE MARINE TOWING, II, LLC | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Danielle Marine Towing, II, LLC's Motion for Partial Summary Judgment (Doc. #18) is **DENIED**.

## BACKGROUND

This matter comes before the court on a motion for partial summary judgment filed by the defendant, Danielle Marine Towing, II, LLC ("Danielle Marine"). Danielle Marine seeks the dismissal of plaintiff's claims for maintenance and cure, including his claims for compensatory and punitive damages that are connected to maintenance and cure.

On November 2, 2009, plaintiff, Jimmy Mobley, was injured while working as a relief captain aboard the M/V LUKE GUIDRY, JR., a tugboat owned and operated by Danielle Marine. As a result of the accident, plaintiff has been diagnosed with multiple lumbar disc herniations. On November 19, 2009, plaintiff filed suit against Danielle Marine seeking, among other things,

maintenance and cure, including compensatory and punitive damages for Danielle Marine's arbitrary and capricious failure to pay maintenance and cure. Danielle Marine has paid maintenance from the date of the accident, and has made an offer to satisfy cure.

Danielle Marine contends that it does not owe plaintiff maintenance and cure due to plaintiff's intentional concealment of a prior back injury. Danielle Marine claims that plaintiff's back injury is related to the injury that he concealed, and that if it had known about plaintiff's prior injury, it would not have hired him.

**ANALYSIS**

**1.    Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.      Danielle Marine's Motion for Summary Judgment**

"Maintenance and cure is a contractual form of compensation afforded by the general maritime law to seamen who fall ill or are injured while in the service of a vessel." Jauch v. Nautical Services, Inc., 470 F.3d 207, 212 (5th Cir. 2006). "The vessel owner's obligation to provide this compensation does not depend on any determination of fault, but rather is treated as an implied term of any contract for maritime employment." Id. "A seaman may recover maintenance and cure even for injuries or illnesses pre-existing the seaman's employment unless that seaman knowingly or fraudulently concealed his condition from the vessel owner at the time he was employed." Id. (citing McCorpen v. Cent. Gulf S.S. Corp., 396 F.2d 547, 548 (5th Cir. 1968)). "In cases involving pre-existing conditions, courts distinguish between non-disclosure and concealment." Id. "If a vessel owner does not require a pre-employment medical examination or interview, a seaman must disclose his condition when in [the seaman's] own opinion the shipowner would consider it a matter of importance." Id. "Concealmen of one's condition will not preclude recovery of maintenance and cure under all circumstances." Id. "The concealment defense will only prevail if the vessel owner can show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit." Id. "If the vessel owner would have employed the seaman even had the requested disclosure been made, concealment will not bar the seaman's recovery of maintenance and cure." Id.

### a. Intentional misrepresentation or concealed medical facts.

Plaintiff applied for employment at Danielle Marine on June 23, 2009. Danielle Marine's employment application inquired whether plaintiff "ever had problems with or injuries to [his] back and/or back surgery or neck injury and/or surgery." Plaintiff responded "no," but did indicate that he was in an automobile accident in 1990 and had a back injury that did not require surgery. The application also inquired whether plaintiff was ever involved in a work-related accident. Plaintiff responded "no."

Plaintiff was also required to complete a pre-employment medical interview in the form of the "Post Offer Pre-Placement Health Questionnaire." The questionnaire asked many questions regarding prior injuries to the back and treatment for back pain. Plaintiff answered "no" to every question. He also certified that he answered the questions truthfully.

Plaintiff testified in his deposition that he sustained a work-related injury to his lower back in June 2008, while employed with United Tugs. As a result of the injury, plaintiff filed an accident report and was taken to the hospital. Plaintiff was treated for the injury and received pain medication for it from a physician until January 2009. Plaintiff testified that he misrepresented his back condition when he applied for employment with Danielle Marine because he was afraid that he would not get the job if Danielle Marine knew about the work-related accident and back injury.

Plaintiff submitted an affidavit in opposition to the motion for summary judgment in which he declares that he answered the question inquiring whether he "ever had problems with or injuries to [his] back and/or back surgery or neck injury and/or surgery" in the negative because he believed that question was asking about surgery. Also, he states that he felt he had put Danielle Marine on

4

notice of his back condition by mentioning an automobile accident in 1990, and that he had forgotten about the June 2008, accident.

The affidavit does not negate plaintiff's clear testimony that he intentionally misrepresented his back condition when he applied for employment at Danielle Marine. Plaintiff's revealing a car accident that occurred almost twenty years before the employment application, and omitting a work-related accident and back injury that occurred one year before the employment application, for which he received treatment up until approximately six months before the employment application, is not sufficient notice of his back condition. Based on plaintiff's testimony, it is clear that plaintiff intentionally misrepresented or concealed his back condition from his employer. The first McCorpen element is satisfied.

### b. Materiality of concealed facts to employer's decision to hire plaintiff

The president of Danielle Marine, Luke Guidry, Sr. ("Guidry"), declared that "[h]ad the [p]laintiff informed Danielle Marine of his pre-existing back injury and treatment, Danielle Marine would not have hired [p]laintiff as a vessel captain." Further, Guidry, indicated that he was specifically referring to plaintiff's failure to report a back injury within the last ten years, as well as plaintiff's failure to report his June 2008 back injury, for which he received treatment until January 2009. Plaintiff does not offer any evidence to refute this statement. The court finds the concealed facts were material to the employer's decision to hire Petrey. The second element of McCorpen is satisfied.

### c. Connection between the concealed medical facts and the alleged injury

The injury allegedly sustained in this incident was a an injury to the lumbar spine. Plaintiff's June 2008, injury was also an injury to the same area of the back. "[T]here is no requirement that a present injury be identical to a previous injury." Brown v. Parker Drilling Offshore Corp, 410 F.3d 166, 175 (5th Cir. 2005) (internal quotations omitted). A causal link between the concealed information and the new injury can be established by showing that the injuries were both to the same location of the lumbar spine. Id. However, in this case, there is a genuine issue of material fact as to whether the injuries are related because Danielle Marine has not presented any medical evidence regarding the similarities of the injuries and whether the injuries are connected. Thus, the third element of the McCorpen defense has not been satisfied.

Because not all of the McCorpen elements are satisfied, Danielle Marine is not entitled to a judgment that it does not owe maintenance and cure benefits to plaintiff.

### CONCLUSION

**IT IS HEREBY ORDERED** that Danielle Marine Towing, II, LLC's Motion for Partial Summary Judgment (Doc. #18) is **DENIED**.

New Orleans, Louisiana, this  15th  day of June, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**