UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMY MOBLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7386** |
| **DANIELLE MARINE TOWING, II, LLC** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Danielle Marine Towing, II, LLC's Supplemental Motion for Partial Summary Judgment (Doc. #36) is **GRANTED**, and plaintiff's claims for maintenance and cure, and his claims for compensatory and punitive damages for Danielle Marine's alleged failure to pay maintenance and cure are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter comes before the court on a supplemental motion for partial summary judgment filed by the defendant, Danielle Marine Towing, II, LLC ("Danielle Marine"). Danielle Marine seeks the dismissal of plaintiff's claims for maintenance and cure, including his claims for compensatory and punitive damages that are connected to maintenance and cure.

Plaintiff, Jimmy Mobley, applied for employment at Danielle Marine on June 23, 2009. Danielle Marine's employment application inquired whether plaintiff "ever had problems with or

injuries to [his] back and/or back surgery or neck injury and/or surgery." Plaintiff responded "no," but did indicate that he was in an automobile accident in 1990 and had a back injury that did not require surgery. The application also inquired whether plaintiff was ever involved in a work-related accident. Plaintiff responded "no."

Plaintiff was also required to complete a pre-employment medical interview in the form of the "Post Offer Pre-Placement Health Questionnaire." The questionnaire asked many questions regarding prior injuries to the back and treatment for back pain. Plaintiff answered "no" to every question. He also certified that he answered the questions truthfully.

On November 2, 2009, plaintiff was injured while working as a relief captain aboard the M/V LUKE GUIDRY, JR., a tugboat owned and operated by Danielle Marine. As a result of the accident, plaintiff has been diagnosed with multiple lumbar disc herniations. On November 19, 2009, plaintiff filed suit against Danielle Marine seeking, among other things, maintenance and cure, including compensatory and punitive damages for Danielle Marine's alleged arbitrary and capricious failure to pay maintenance and cure. Danielle Marine has paid maintenance from the date of the accident, and has made an offer to satisfy cure.

On May 13, 2010, Danielle Marine filed a motion for partial summary judgment arguing that it does not owe plaintiff maintenance and cure due to plaintiff's intentional concealment of a prior back injury pursuant to the McCorpen defense[1]. See McCorpen v. Cent. Gulf S.S. Corp., 396 F.2d

---

[1] The McCorpen defense provides that a vessel owner is relieved of its obligation to pay maintenance and cure to a seaman injured in the service of the vessel if it can show that: (1) the injured seaman intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the vessel owner's decision to hire the injured seaman; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit. Jauch v. Nautical Services, Inc., 470 F.3d 207, 212

547, 548 (5th Cir. 1968). Danielle Marine argued that plaintiff's back injury is related to the injury that he concealed, and that if it had known about plaintiff's prior injury, it would not have hired him.

In support of its motion, Danielle Marine submitted evidence that plaintiff testified in his deposition that he sustained a work-related injury to his lower back in June 2008, while employed with United Tugs. As a result of the injury, plaintiff filed an accident report and was taken to the hospital. Plaintiff was treated for the injury and received pain medication for it from a physician until January 2009. Plaintiff testified that he misrepresented his back condition when he applied for employment with Danielle Marine because he was afraid that he would not get the job if Danielle Marine knew about the work-related accident and back injury.

Further, Danielle Marine submitted an affidavit from its president, Luke Guidry, Sr. ("Guidry"), in which he declared that "[h]ad the [p]laintiff informed Danielle Marine of his pre-existing back injury and treatment, Danielle Marine would not have hired [p]laintiff as a vessel captain." Plaintiff did not offer any evidence to refute this statement. Therefore, the court found that plaintiff did intentionally conceal a prior back injury, and that the concealment was material to Danielle Marine's decision to hire him.

However, the court denied Danielle Marine's motion for partial summary judgment, finding that there were genuine issues of material fact as to whether the complained of back injury is related to the prior back injury, because Danielle Marine did not present any medical evidence regarding the similarities of the injuries and whether the injuries are connected.

---

(5th Cir. 2006) (citing McCorpen, 396 F.2d at 549).

Danielle Marine has filed a supplemental motion for partial summary judgment regarding plaintiff's maintenance and cure claims, and his claims for compensatory and punitive damages for Danielle Marine's alleged failure to pay maintenance and cure. Danielle Marine submitted testimony from medical professionals regarding plaintiff's current and prior back injury to demonstrate that the injuries are related.

## ANALYSIS

**1.     Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.     Danielle Marine's Motion for Summary Judgment**

The injury allegedly sustained in the November 2, 2009, incident was to the lumbar spine. Plaintiff's treating physician, Dr. Kenneth Adatto, testified at his deposition that plaintiff has a lower back injury with pain radiating into his left leg.

Plaintiff has been treated for chronic back pain since December 2001. On December 5, 2001, plaintiff first saw Dr. Eddie Smith, a family medicine practitioner, complaining of back pain. Plaintiff continued treatment with Dr. Smith every three months for the next six years. On February 7, 2002, plaintiff sought treatment for back pain from Dr. Smith for "a lot of pain in [his] lower back" following an injury sustained while lifting a bucket. On June 13, 2002, plaintiff reported to Dr. Smith that the pain was not any better. On December 18, 2002, plaintiff complained to Dr. Smith that he had a lot of pain in his lower back and that he had sharp pain on his left side. Then on November 18, 2003, plaintiff told Dr. Smith that he had pain radiating into his left leg. On March 8, 2007, plaintiff sustained another back injury when lifting tires.

On November 19, 2007, plaintiff began seeing Clayton Bossier, a nurse practitioner, for back pain. At this visit, plaintiff complained of lower back pain, radiating into his hip and left leg, and numbness on his left side after lifting a heater.

On June 10, 2008, plaintiff sustained an injury to his lower back while working at United Tugs. At the emergency room, he complained of lower back pain radiating into his left leg. Plaintiff saw Bossier for a follow-up visit on June 12, 2008, and complied of left lumbar pain radiating into his left leg with numbness of the leg.

"[T]here is no requirement that a present injury be identical to a previous injury." Brown v. Parker Drilling Offshore Corp, 410 F.3d 166, 175 (5th Cir. 2005) (internal quotations omitted). A causal link between the concealed information and the new injury can be established by showing that the injuries were both to the same location of the lumbar spine. Id. Danielle Marine has presented medical evidence that demonstrates that plaintiff had lower back injuries for years prior to the complained of injury to the lower back. Therefore, Danielle Marine has demonstrated that plaintiff's complained of injury was causally linked to his prior injuiries, and the third element of the McCorpen defense has been satisfied.

Because all of the McCorpen elements are satisfied, Danielle Marine is entitled to a judgment that it does not owe maintenance and cure benefits to plaintiff.

Further, Danielle Marine is entitled to withhold maintenance and cure benefits because there is a reasonable McCorpen defense that plaintiff had willfully concealed his medical condition. See Brown, 410 F.3d at. 178. Therefore, plaintiff is not entitled to compensatory or punitive damages for Danielle Marine's alleged failure to pay maintenance and cure.

## CONCLUSION

**IT IS HEREBY ORDERED** that Danielle Marine Towing, II, LLC's Supplemental Motion for Partial Summary Judgment (Doc. #36) is **GRANTED**, and plaintiff's claims for maintenance and cure, and his claims for compensatory and punitive damages for Danielle Marine's alleged failure to pay maintenance and cure are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  25th day of January, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**