UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JIMMY MOBLEY | CIVIL ACTION |
| VERSUS | NO: 09-7386 |
| DANIELLE MARINE TOWING, II, LLC | SECTION: "S" (4) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff, Jimmy Mobley ("Mobley"), a Jones Act seaman, was relief captain aboard the M/V LUKE GUIDRY JR., a vessel owned and operated by his employer, defendant Danielle Marine Towing, II, LLC ("Danielle Marine"). Mobley claims that on November 2, 2009, he slipped and fell on the vessel's main deck after descending a flight of stairs. Mobley filed this suit against Danielle Marine alleging that his injuries were caused by Danielle Marine's negligence, and that the M/V LUKE GUIDRY JR. was unseaworthy.[1]

Mobley claims that he is entitled to an award of damages because Danielle Marine was negligent in the application of non-skid material on the main deck and that the condition of the non-skid material rendered the vessel unseaworthy. A bench trial was held on September 22-23, 2011.

---

[1] Mobley also made a claim against Danielle Marine for maintenance and cure. Upon a motion for summary judgment filed by Danielle Marine, the court found that Mobley was not entitled to maintenance and cure because he willfully concealed a prior back injury in his job application, the concealment was material to Danielle Marine's decision to hire him, and his current injury is related to the prior concealed injury. McCorpen v. Cent. Gulf S.S. Corp., 396 F.2d 547 (5th Cir. 1968).

**ANALYSIS**

Jones Act negligence and unseaworthiness claims are separate causes of action and are treated as such. See Brunner v. Maritime Overseas Corp., 779 F.2d 296, 298 (5th Cir. 1986). In this case, the basis of both the negligence and unseaworthiness claims by Mobley against Danielle Marine is that there was an insufficient amount of non-skid material on the main deck at the time of the alleged accident.

Under the Jones Act, 46 U.S.C. § 30101 et. seq, a seaman's employer is liable for damages if the employer's negligence, including negligence of the employer's officers, agents, or employees, caused the seaman's injury. See Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997) (*en banc*); see also Hopson v. Texaco, Inc., 86 S.Ct. 765, 766 (1966). The employer is held to a standard of ordinary prudence under the circumstances. Id. "A seaman is entitled to recovery under the Jones Act, therefore, if his employer's negligence is the cause, in whole or in part, of his injury." Id. The terms "slightest" and "featherweight" have been used to describe the reduced standard of causation between the employer's negligence and the employee's injury. Id. at 335; Johnson v. Offshore Express, Inc., 845 F.2d 1347, 1352 (5th Cir. 1988).

"[L]iability based upon unseaworthiness is wholly distinct from liability based upon negligence." Usner v. Luckenback Overseas Corp., 91 S.Ct. 514, 517 (1971). The duty to provide a seaworthy vessel is absolute and completely independent of the duty under the Jones Act to exercise reasonable care; therefore, a showing of negligence is not required. See Phillips v. W. Co. of N. Am., 953 F.2d 923, 928 (5th Cir. 1992). "Although the shipowner has an absolute duty to provide a seaworthy vessel, the vessel need not be 'accident free.' " Simeon v. T. Smith & Son, Inc.,

852 F.2d 1421, 1432-33 (5th Cir. 1988). "For a vessel to be found unseaworthy, the injured seaman must prove that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purpose for which it is to be used." Jackson v. OMI Corp., 245 F.3d 525, 527 (5th Cir. 2001).

Douglas Halsey, a retired Coast Guard Officer and Navy Seaman, who has over forty-eight years of experience in the marine industry, testified at trial as an expert in marine safety for Danielle Marine. Halsey opined that the amount of non-skid material on the main deck of the M/V LUKE GUIDRY JR. was adequate. Halsey testified that he inspected the main deck of the vessel after the accident and attempted to induce a fall, but was unable to do so because non-skid material on the main deck was adequate. Jobie Cantrelle, lead deck-hand on the M/V LUKE GUIDRY JR. at the time of Mobley's alleged accident, testified at trial that although the main deck received two applications of non-skid material in the shipyard during July of 2009, he and other deck-hands applied additional non-skid material to the vessel's main deck on either Friday, October 30, 2009, or Saturday, October 31, 2009. Frank Frazier, the captain of the M/V LUKE GUIDRY JR., corroborated Cantrelle's testimony. Frazier testified that before leaving his shift on the morning of Wednesday, October 28, 2009, he instructed Cantrelle to apply a coat of non-skid material to the vessel's main deck. Frazier stated that when he returned to the vessel on Wednesday, November 4, 2009, he inspected the vessel and concluded that a new coat of non-skid material had been applied to the main deck. He also opined that the non-skid material was adequate.

The testimony of Halsey, Cantrelle, and Frazier establishes that there was a sufficient amount of non-skid material on the vessel's main deck at the time of the accident, Danielle Marine was not

negligent in its application of the non-skid material on the vessel's main deck, and the vessel was not unseaworthy.[2]

Therefore, Danielle Marine is entitled to judgment in its favor, and Mobley's claims against it are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  29th  day of September, 2011.

                                    **MARY ANN VIAL LEMMON**
                                    **UNITED STATES DISTRICT JUDGE**

---

[2] Because of the determination that there is no defendant's negligence or unseaworthiness, it is unnecessary to consider defendant's allegations of the plaintiff's negligence in wearing tennis shoes aboard the vessel as a cause of his slipping.